**Rhonda Kay MASSEY**

v.

**KELLY, INC., d/b/a Kelly Girl Services and Kelly Girl Temporary Services and Fast Food Merchandisers, Inc.**

**No. 3:89–cv–133–GET.**

United States District Court,
N.D. Georgia,
Newnan Division.

March 23, 1990.

Van C. Wilks, Carrollton, Ga., for plaintiff.

Constangy, Brooks & Smith and Elarbee, Thompson & Trapnell, Atlanta, Ga., for defendants.

## ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled matter is before the court on the following three motions: (1) Kelly, Inc.'s ("Kelly") motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6), (2) Fast Food Merchandisers, Inc.'s ("FFM") motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6), and (3) plaintiff's motion to amend her complaint.

The plaintiff was employed by Kelly to fill the temporary personnel needs of Kelly's customers. On Friday, April 21, 1989 and Monday, April 24, 1989, the plaintiff worked as a receptionist for FFM. She was terminated by FFM on Tuesday, April 25, 1989. Plaintiff's father also was employed by FFM. Plaintiff's father worked for FFM for approximately four and a half years until March 22, 1989, on which date he was terminated by FFM. As a result of his termination, the plaintiff's father filed a complaint with the Equal Employment Opportunity Commission ("E.E.O.C.") on April 21, 1989 alleging age discrimination.

The plaintiff has filed a two-count complaint against the defendants. In the first count, the plaintiff alleges that the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e–3(a), by retaliating against the plaintiff because the plaintiff's father filed a complaint with the E.E.O.C. against FFM, Kelly's client, for unlawful age discrimination. Specifically, the plaintiff alleges that FFM retaliated against her by "terminating her" and Kelly retaliated against her by "refusing to offer her temporary employment." In count two of the complaint, the plaintiff asserts that the defendants conspired to retaliate against her.

The plaintiff seeks damages for the alleged retaliation and attorneys' fees pursuant to 42 U.S.C. Sec. 2000e–5(k). Additionally, the plaintiff asks for punitive damages pursuant to O.C.G.A. Sec. 51–12–5.1 to compensate for the "defendants wilful conduct" in terminating the plaintiff.

### Defendants' Motions to Dismiss

Title 42 U.S.C. Sec. 2000e–3(a) provides that it is an unlawful employment practice for

an employer to discriminate against any of his employees ... because [the employee] opposed any practice made an unlawful employment practice by this subchapter, or because [the employee] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

In *Thompkins v. Morris Brown College,* 752 F.2d 558 (11th Cir.1985), the court held that to establish a prima facie case for a retaliation claim under 42 U.S.C. Sec. 2000e–3(a), the plaintiff must show

(1) actions protected by the statute, (2) an adverse employment decision, and (3) a causal link between the protected actions and the adverse employment business decision.

Title 29 U.S.C. Sec. 623, the Age Discrimination in Employment Act of 1967, not Title VII, is the statute which proscribes age discrimination. Since 29 U.S.C. Sec. 623 is not part of Title VII, the plaintiff fails the first prong of her prima facie case. The court GRANTS the defendants' motions to dismiss count one of the complaint.

■ In her response to the defendants' motions to dismiss, the plaintiff asserts that, even if the court finds that count one of her complaint fails to state a claim upon which relief can be granted, the second count should not be dismissed. According to the plaintiff, in count two, the conspiracy claim, she is seeking to "enforce [her] rights guaranteed under 42 U.S.C. Sec. 1985(3)." Specifically, the plaintiff argues that section 1985(3) reaches "all deprivations of equal protection, whatever their source."

The court notes that the plaintiff did not raise 42 U.S.C. Sec. 1985(3) anywhere in her complaint. Moreover, in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court held that the language in section 1985(3) requiring "an intent to deprive [an individual] of equal protection means that there must be" race-based discrimination. The plaintiff has not alleged any racial discrimination by the defendants. The court dismisses the second count of the complaint for failure to state a claim upon which relief can be granted.

■ The defendants also moved to dismiss the plaintiff's claim pursuant to O.C.G.A. Sec. 51–12–5.1 for punitive damages. In her response to the defendants' motions to dismiss, the plaintiff acknowledges that she cannot obtain punitive damages for count one of her complaint. Moreover, the Georgia statute for punitive damages is not grounds for an independent cause of action. Since the court dismisses both counts of the complaint, the court GRANTS the defendants' motions to dismiss the plaintiff's claim for punitive damages.

### Plaintiff's Motion to Amend the Complaint

■ In her response to the defendants' motions to dismiss, the plaintiff requests that, if the defendants' motions are granted, she be allowed to amend her complaint. The plaintiff seeks to amend her complaint to add a cause of action for retaliation under the Age Discrimination Act of 1967, 29 U.S.C. Sec. 626(d).

29 U.S.C. Sec. 626(d) provides in pertinent part that

No civil action may be commenced by an individual under [the Age Discrimination Act] until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred.

In the plaintiff's complaint filed with the E.E.O.C., the plaintiff did not allege a violation of the Age Discrimination Act of 1967. In her motion to amend her complaint, the plaintiff has not offered any explanation as to why she failed to raise an Age Discrimination claim before the E.E.O.C. or why the conditions of 29 U.S.C. Sec. 626(d)(1) should be relaxed in her case.

Finally, F.R.C.P. Rule 15(a) provides that a party may amend its complaint once, as a matter of course, before a responsive pleading has been filed. After a responsive pleading has been filed, a plaintiff may not amend her complaint, except with leave of the court. The plaintiff has not provided the court with any factual or legal authority as to why the court should allow the amendment of her complaint now that responsive pleadings have been filed by the defendants.

For the foregoing reasons, the court DENIES the plaintiff's motion to amend her complaint.

### Conclusion

The court GRANTS the motions to dismiss of both defendants and DENIES the plaintiff's motion to amend her complaint.

SO ORDERED.